UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LeKENDRIC THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:16-cv-00099-JAR |
|  | ) |  |
| DCL FABRICATION, INC. d/b/a DCL | ) |  |
| FABRICATION AND SUPPLY, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**MEMORANDUM & ORDER OF REMAND**

This matter is before the Court on Plaintiff LeKendric Thomas's motion to remand the action to the Circuit Court for the County of St. Louis, Missouri, from which it was removed by Defendants DCL Fabrication, Inc., d/b/a DCL Fabrication and Supply, Inc. ("DCL"), Darrell Dick, and Ray Laidet (together, "Defendants") (Doc. 12). For the following reasons, the Court will grant the motion.

**Background**

Thomas initially filed this civil action in the Circuit Court for the County of St. Louis, Missouri, alleging the following relevant facts. (Doc. 1-1 at 1-10). In February 2013, he suffered a shoulder injury while working for Defendants. His physician refused to release him to return to work until he underwent an MRI on his shoulder, and Defendant Dick thereafter tried to dissuade Thomas from undergoing the MRI. Thomas's workers' compensation claim was initially denied. He was then informed that DCL did not have any "light duty" positions available, and that he would not be put back to work unless a physician fully released him to return to work with no restrictions. After his workers' compensation claim was approved in

February 2014, he underwent the MRI, which revealed a torn labrum, a torn rotator cuff, and a ripped bicep tendon; he then underwent surgery and extensive physical therapy. During his recovery, Thomas's doctor provided him multiple notes authorizing him to return to work with restrictions on the amount of weight he could lift. Thomas provided these notes to DCL, but DCL reiterated that it did not have any "light duty" positions available and refused to accommodate his restrictions or allow him to return to work. In August 2014, Thomas's physician released him to return to work with no restrictions. He provided the release to DCL, and informed Defendant Laidet that he was ready to return to work. In September 2014, Plaintiff received a letter from DCL, notifying him that DCL would not reinstate his employment because it did not have "any vacant positions," and effectively terminating his employment. In December 2014, Thomas filed a Charge of Discrimination letter with the Missouri Commission on Human Rights, alleging unlawful employment discrimination, and in November 2015, he was issued a right to sue letter. In his complaint, Thomas claims that Defendants (1) discriminated against him based on his disability, in violation of the Missouri Human Rights Act ("MHRA"); (2) failed to accommodate his disability in violation of the MHRA; and (3) committed worker's compensation retaliation in violation of the Missouri Workers' Compensation Law, see Mo. Rev. Stat. § 287.780 (no employer shall discharge or discriminate against employee for exercising rights under workers' compensation act) (Doc. 1-1 at 1-10).

    Defendants removed Thomas's action to this Court. In their notice of removal, Defendants state that, during his employment with DCL, Thomas was a member of Sprinkler Fitters and Apprentices, Local Union 268 ("the Union"); that DCL was a signatory party to a collective bargaining agreement ("CBA") with the Union; that the CBA governed the terms and conditions of Thomas's employment with DCL; that Thomas's suit will require interpretation of

the CBA. According to Defendants, the Court therefore has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Thomas's workers' compensation retaliation claim is completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185 (Doc. 1).

Thomas now moves to remand the action back to the Circuit Court for the County of St. Louis. According to Thomas, 28 U.S.C. § 1445(c) renders his action non-removable, as his workers' compensation retaliation claim "arises under" a workers' compensation statute, and he cites *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) for the proposition that actions asserting claims of workers' compensation retaliation under Mo. Rev. Stat. § 287.780 "arise under" a workers' compensation statute, and therefore are non-removable to federal court. He further argues that his claims do not require interpretation of the CBA, and that they are not preempted by § 301 of the LMRA. As such, he contends that the Court lacks jurisdiction over this matter, making removal under 28 U.S.C. § 1441 inappropriate. In addition, Thomas seeks an award of attorney's fees, costs, and expenses--pursuant to 28 U.S.C. § 1445(c)--claiming that Defendants lacked an objectively reasonable basis to remove his action (Doc. 12).

In response, Defendants reiterate their assertion that section 1445(c) does not prevent removal of Thomas's action because his claims are completely preempted by § 301 of the LMRA, as they require interpretation of the CBA. Defendants argue that they anticipate that—in defense of Thomas's workers' compensation retaliation claim—they will rely on the power granted them by the CBA to articulate legitimate, nondiscriminatory reasons for their actions relating to Thomas and his injury. They also note, in a footnote, that a provision of the CBA prohibits discrimination, including discrimination on the basis of disability, and requires that employees be able to perform the essential functions of the job at issue. Alternatively,

Defendants argue that, even if the Court determines that remand is appropriate, it should not award Thomas fees and costs under § 1447(c) because they had an objectively reasonable basis to remove this action (Doc. 14).

In reply, Thomas asserts that Defendants have not identified any specific clause or section of the CBA that would support complete preemption by the LMRA; and contends that Defendants' reliance on the CBA to support its affirmative defenses cannot alone support complete preemption under the LMRA. Rather, according to Thomas, his claims are not completely preempted under the LMRA, as his prima facie case is not "inextricably intertwined with," nor does it necessitate the interpretation of, any provision of the CBA (Doc. 15).

## Discussion

A defendant may remove an action from state court to the federal district court for the district in which the action is pending if the action falls within the district court's original jurisdiction, unless an Act of Congress provides otherwise. 28 U.S.C. § 1441(a). The Supreme Court has explained district courts' jurisdiction over removed actions as follows:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question in presented on the face of the plaintiff's properly pleaded complaint.
>
> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint . . . [I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.
>
> There does exist, however, an "independent corollary" to the well-pleaded complaint rule . . . known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." . . .

4

> Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). The Supreme Court has also summarized the pre-emptive force of § 301 of the LMRA as follows:

> [W]hile there may be instances in which the [LMRA] pre-empts state law on the basis of the subject matter of the law in question, § 301 pre-emption merely ensures that federal law will be the basis for interpreting collective bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408-10 (1988). In addition, the Eighth Circuit has held, on several occasions, that claims of workers' compensation retaliation brought pursuant to Mo. Rev. Stat. § 287.780 are not completely pre-empted by § 301 of the LMRA. *See e.g., Meyer v. Schnucks Markets, Inc.*, 162 F.3d 1048, 1050-52 (8th Cir. 1998); *Humphrey*, 58 F.3d at 1242-44.

In *Dunn v. Astaris, LLC*, 292 F. App'x 525, 526-27 (8th Cir. 2008) (unpublished per curiam), the Eighth Circuit initially noted that, when determining whether a claim is completely preempted under § 301 of the LMRA, courts should disregard any possible defenses, and should ask only whether the claim itself is necessarily grounded in rights established by a CBA, i.e., that the claim will require interpretation of a specific provision of the CBA, or that the claim is inextricably intertwined with the CBA. *Id.* (citing *Lingle*, 486 U.S. at 405-06). The court then specifically concluded that workers' compensation retaliation claims under Mo. Rev. Stat. § 287.780 are not removable because they present a question of whether a causal relationship existed between a plaintiff-employee's workers' compensation claim and a defendant-

employer's refusal to allow him to return to work, a question that turns on purely factual questions about the employer's conduct and motives rather than on the scope of its contractual authority to refuse to reinstate the injured employee under a CBA. *Id.*

In light of these well-established precedents, the Court finds that Thomas's workers' compensation retaliation claim does not require interpretation of the CBA; that it instead "arises under" Mo. Rev. Stat. § 287.780; and that it thus is not pre-empted by § 301 of the LMRA. The Court further concludes that Defendants' mere anticipatory reliance on the CBA in relation to their affirmative defenses is insufficient to invoke this Court's federal question jurisdiction through the complete preemption doctrine. *Id.*; *Johnson*, 159 F.3d at 1115-17 (presence of federal question, even § 301 question, in defensive argument does not render cause removable to federal court; employer's non-retaliatory reason to discharge employee based on provisions of CBA was not enough to confer federal jurisdiction based on complete preemption); *Humphrey*, 58 F.3d at 1244 (fact that employer's defense to claim that it had "just cause" to terminate employee relied on CBA did not create basis for LMRA preemption).

The Court lacks jurisdiction over any of Thomas's claims, all three of which assert violations of Missouri law. 28 U.S.C. §§ 1331, 1441. In addition, the Court concludes that, because Thomas's complaint asserted a workers' compensation retaliation claim, this action was also non-removable under 28 U.S.C. § 1445(c), which bars removal of a "civil action in any State court arising under the workmen's compensation laws of such State." *Humphrey*, 58 F.3d at 1244-45 & 1245 n.8 (if § 1445(c) applies, i.e., a claim "arises under" a state workers' compensation statute, the entire case is non-removable, even if complaint also contains federal claims).

## Fees and Costs

When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees is appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court concludes that Defendants' removal of this action was not objectively unreasonable, and that an award of costs and fees is not warranted under these circumstances. However, the Court notes that the Eighth Circuit has concluded that claims of workers' compensation retaliation under Mo. Rev. Stat. § 287.780 are not preempted by § 301 of the LMRA for purposes of establishing federal removal jurisdiction. In light of this binding authority from the Eighth Circuit, as well as the consistency with which such actions have been remanded back to state courts from the United States District Court for the Eastern District of Missouri, awards of costs and fees under § 1447(c) will likely be warranted in future cases should defendants continue to remove such actions to this Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 12) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent it seeks remand of this action to the Circuit Court for the County of St. Louis, Missouri. The motion is denied to the extent it seeks an award of costs and expenses under 28 U.S.C. § 1447(c). **IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court for the County of St. Louis, Missouri.

Dated this 25th day of July, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**